o

```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                        LAREDO DIVISION

ERICA ALONZO,                        §
                                     §
        Plaintiff,                   §
VS.                                  §
                                     §   Civil Action No. M-11-25
REFLECTION VIDEO PRODUCTIONS,        §
and AZTECA INTERNATIONAL             §
CORPORATION,                         §
        Defendants.                  §
```

## MEMORANDUM AND ORDER

This case was reassigned to the undersigned on April 25, 2011, following recusal of the previously presiding Judge. (Dkt. 17.) Pending is Plaintiff Erica Alonzo's motion to remand. (Dkt. 3.)

## I. BACKGROUND

Alonzo initially filed this case on November 12, 2010, in the 93rd District Court, Hidalgo County, Texas. (Dkt. 1-1.) In her state court Petition, Alonzo alleges that she "has some notoriety in the public realm in Mexico and in various Latin realms [sic] in the United States." (Id. at 5.) For that reason, "when [she] was to be married in Hidalgo County, to a Hidalgo County attorney, she was approached by various news outlets to obtain pictures of her wedding." (Id.) Alonzo declined these offers in favor of a private ceremony. (Id.) However, she hired Defendant Reflection Video Productions "to be

the videographer for her wedding." (Id.) Her contract with Reflection required that Reflection "would not release sell or otherwise use video from [Alonzo's] wedding to [sic] any third persons." (Id.) The "publicity value" of Reflection's wedding video and the desire to "obtain a scoop on its competitors" prompted Defendant Azteca International Corporation to "ma[ke] a deal with Reflection . . . and obtain[] the video . . . ." (Id.) Azteca then "proceeded to broadcast scenes from [Alonzo's] wedding on its television stations." (Id. at 6.)

Alonzo brings claims against Reflection for breach of contract and civil conspiracy. She brings claims against Azteca for tortious interference with contract, misappropriation of her likeness, and civil conspiracy. (Id.) She seeks damages for the "reasonable value of the pictures," for the "reasonable value of the wedding video," and for "mental anguish," as well as punitive damages and attorney fees. (Id. at 4.) She also seeks an injunction "forbidding [Azteca] from airing either pictures or video from [her] wedding." (Id.) Her Petition does not give a dollar figure for her alleged damages.

Azteca removed the case to Federal court on February 2, 2011. (Dkt. 1.) Reflection consented to the removal. (Dkt. 1-2.) A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Azteca

asserts that Alonzo's action falls within the Federal district courts' diversity jurisdiction provided by 28 U.S.C. § 1332. Section 1332(a)(1) and (a)(2) confer original jurisdiction in the Federal district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States . . . ." Azteca asserts that it is a California corporation with its principal place of business in California. (Dkt. 1 at ¶ 9.) Azteca alleges that Alonzo "contends she was a Texas citizen at the time of the filing of the Original Petition." (Dkt. 1 at ¶ 8.) In fact, Alonso's Petition states merely that she "is a resident of Hidalgo County, Texas." (Dkt. 1-1 at 3.) However, Alonzo asserts that she is a Texas citizen in her motion to remand. (Dkt. 3 at 6.) Although they offer conflicting descriptions of its business form, Alonzo and Azteca agree that Reflection is a Texas citizen.[1] In its notice of removal, Azteca asserts that "the

---

[1] Azteca alleges that Reflection is "a 'DBA' for Rene Cano, and [sic] individual who resides at 2812 Umar Avenue, McAllen, Texas 78504." (Dkt. 1 at ¶ 10.) In her Petition, Alonzo alleges that Reflection "is corporation [sic] organized and operating under the laws of the state of Texas," and she identifies Rene Cano as its registered agent for service of process. (Dkt. 1-1 at 3.) In her motion to remand, Alonzo again asserts that "Reflection Video is . . . a citizen of the State of Texas, as it is incorporated here." (Dkt. 3 at 6.) She adds that "even if Reflection Video was incorporated in Delaware, it would still be a Texas citizen; its principal place of business is in Texas." (Id.)

amount in controversy, exclusive of interests and costs, exceeds the sum of the value of seventy five thousand dollars ($75,000)." (Dkt. 1 at 3.) Alonzo does not challenge this assertion in her motion to remand, and none of the parties otherwise address the amount in controversy.

Title 28, United States Code, Section 1332 requires complete diversity of citizenship, such that "[a] district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." <u>Corfield v. Dallas Glen Hills LP</u>, 355 F.3d 853, 857 (5th Cir. 2003) (citing <u>Whalen v. Carter</u>, 954 F.2d 1087, 1094 (5th Cir. 1992)). Azteca asserts that Reflection's citizenship should be disregarded because Reflection was improperly joined:

> Although joining Defendant Reflection in this case ordinarily would defeat diversity jurisdiction in this Court, after reasonable investigation, Defendants are informed and believe that [Alonzo] has . . . improperly joined Defendant Reflection for the sole purpose of defeating diversity jurisdiction.

(Dkt. 1 at ¶ 11.) Alonzo disputes Azteca's accusation of improper joinder, and Alonzo asserts that Azteca removed the case after the time period permitted by 28 U.S.C. § 1446 had expired.

## II. DISCUSSION

### A. Timeliness of Removal

The timeliness of a removal is governed by 28 U.S.C. § 1446(b).  The pertinent portion of § 1446 reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).  Section 1446(b)'s thirty-day time period starts to run from receipt of the initial pleading if that pleading affirmatively reveals on its face that the case falls within the original jurisdiction of the Federal courts.  See, e.g., Chapman v. Powermatic, 969 F.2d 160, 163 (5th Cir. 1992) ("[T]he thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.").  Otherwise, the time period begins to run on receipt of "an amended pleading, motion, order or other paper" that makes the

removability of the case "unequivocally clear and certain." Bosky v. Kroger, 288 F.3d 208, 211 (5th Cir. 2002) ("[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limits running for a notice of removal under the second paragraph of section 1446(b).") Accordingly, a defendant may remove a case within thirty days after discovering material that clearly indicates fraudulent joinder. E.g., Jernigan v. Ashland Oil Inc., 989 F.2d 812, 814-15 (5th Cir. 1993); Ayres v. Spears, 571 F.Supp.2d 768, 772–73 (W.D. Tex. 2008); Delaney v. Viking Freight Inc., 41 F.Supp.2d 672, 674 (E.D. Tex. 1999).

Azteca was served with a copy of Alonzo's Petition on November 19, 2010. (Dkt. 1-1 at 21.) Reflection was served on November 15, 2010. (Id.) On January 18, 2011, Plaintiff's counsel, Attorney Bobby Garcia, sent an email to Attorney Gil Peralez, counsel for Azteca, directing Peralez to a video on Azteca's website listed as "boda-erika-alonso-ex-de-joan-sebastian."[2] (Dkt. 7-3 at 1; Dkt. 7 at 10.) In an affidavit of March 7, 2011, Reflection's videographer, Rene Cano, avers that he viewed the video at the link Garcia provided, and concluded

---

[2] http://www.tvazteca.com/capitulos/ventaneando/19105/-boda-erika-alonso-ex-de-joan-sebastian. As of April 29, 2011, this web address no longer yields a webpage containing a wedding video.

that it was a different video of the wedding than the one he created for Reflection. (Dkt. 7-1 at ¶ 9.) Reflection's counsel passed this information to Attorney Peralez on January 29, 2011. (Id.; Dkt. 7-4 at ¶ 2.) In an affidavit of March 8, 2011, Peralez avers that "[w]ithin 30 days of learning this information, specifically, on or about February 2, 2011, [he] prepared the documentation to remove this case to federal court since there were two videos created from two different sources and hence evidence that Defendant REFLECTION [sic] was improperly joined in this litigation." (Dkt. 7-4 at ¶ 3.)

Alonzo's Petition does not indicate on its face that the case is removable. The deadline to remove therefore started, at the earliest, when Azteca's counsel received the email from Attorney Garcia, on January 18, 2011, fewer than thirty days before the case was removed on February 2, 2011. (Dkt. 1.) The Court finds that removal was timely.

B. Improper Joinder

Diversity jurisdiction is not defeated by the presence of a non-diverse defendant who was improperly joined for the sole purpose of defeating Federal jurisdiction. Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc). When a defendant asserts that a party to the state court litigation was not properly joined, the defendant "bears a heavy

burden of proving that joinder of the in-state defendant was improper." Id. at 573. There are two forms of improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). Azteca has not alleged any fraud in the allegations of jurisdictional facts in Alonzo's Petition. To demonstrate the latter form of improper joinder, Azteca must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573. The Fifth Circuit has explained that a district court may evaluate this issue in two ways:

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Smallwood, 385 F.3d at 573. The Fifth Circuit has taken particular care to emphasize the cursory nature of the appropriate factual inquiry:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. . . . We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.

Id. at 573-74.

The only evidence bearing on the substance of Azteca's fraudulent joinder theory consists of a Cano's affidavit of March 7, 2011 (Dkt. 7-1), and a March 15, 2011 affidavit by Alonzo (Dkt. 9-1). Cano avers that "there was a reporter present at the wedding, along with another videographer." (Dkt. 7-1 at ¶ 7.) He avers that "[t]his reporter and videographer appears [sic] in the video [Cano] shot during the wedding." (Id.) He also avers that "[a]s the wedding proceeded, there appears to be a person using a hand held video camera." (Id. at ¶ 8.) Finally, Cano avers that he reviewed the video posted at the web address Alonzo's attorney emailed to

Azteca's counsel, and "this was not the same video [he] captured at the wedding, but rather captured by someone else at the wedding." (Id. at ¶ 9.) "In fact," Cano avers, "one of my employees appears in this video." (Id.) Alonzo avers that "[s]ecurity at the wedding did not permit video cameras inside the ceremony," and that "the only person I saw with a video camera at my wedding was Defendant, Reflection Video's personnel." (Dkt. 9-1 at 1.) Alonzo's and Cano's conflicting averments establish a disputed fact issue as to how many people were permitted to or actually did film the wedding ceremony. Alonzo's averments do not address whether the video Reflection created differs from the video that was on Azteca's website, and the record contains no evidence on this issue other than Cano's averment that the videos are different.[3] Cano's affidavit might be sufficient for summary judgment on this issue if it were the sole piece of evidence that could be produced after a full-blown discovery period. It would not, however, be appropriate in the posture of this case, in which the parties have had little opportunity to conduct discovery or amend their pleadings in response to discovered materials. On the present record, the Court cannot conclude that there is no possibility that Alonzo will recover against Reflection.

---

[3]  The record does not contain a copy of the video Cano produced, nor of the video that was available at the web address Alonzo's attorney emailed to Azteca's counsel.

Azteca asks the Court to allow "limited discovery to support a summary inquiry," ". . . so that additional facts can be discerned to support [Azteca's] claim of improper joinder." (Dkt. 7 at ¶ 5.0.) Azteca's improper joinder argument is premised on its assertion that Alonzo's claims against Reflection have no basis in fact. Granting its request for discovery would draw the Court into pretrying the merits, which the Fifth Circuit has repeatedly instructed district courts to eschew when considering an assertion of improper joinder. E.g., Smallwood, 385 F.3d at 573 ("We emphasize that any piercing of the pleadings should not entail substantial hearings."); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) (district courts should avoid "'a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction.'") (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 551 (5th Cir. 1981)); Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990) ("[W]e have frequently cautioned the district courts against pretrying a case to determine removal jurisdiction . . . .").

The Court also notes that Alonzo's and Cano's averments indicate the possibility that, after further discovery, Alonzo could well end up amending her pleading to state causes of

action against security personnel, likely Texas citizens, hired for the wedding. Moreover, the Court is skeptical that the claims stated in Alonzo's Petition suffice to put an amount in controversy exceeding $75,000.00.

### III. CONCLUSION

Although Azteca's removal of the case was timely, the present record does not show that Reflection was improperly joined. Complete diversity of citizenship is therefore lacking, and Alonzo's motion to remand (Dkt. 3) is GRANTED. This case shall be REMANDED to the 93rd District Court, Hidalgo County, Texas.

DONE at Laredo, TX, this 3rd day of May, 2011.

_____
George P. Kazen
Senior United States District Judge